# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2886

_____

Spencer Norris, Personal Representative  *
of the Estate of Sue Pollock,              *
                               *
      Plaintiff/Appellee,          *
                               *   Appeal from the United States
     v.                        *   District Court for the
                               *   Western District of Missouri.
Citibank, N.A. Disability Plan (501),   *     [UNPUBLISHED]
                               *
      Defendant/Appellant,      *
                               *
Aetna Life Insurance Company,      *
                               *
      Defendant.             *

_____

Submitted: January 14, 2002

Filed: April 1, 2002

_____

Before WOLLMAN,[1] Chief Judge, HANSEN, Circuit Judge, and OBERDORFER,[2] District Judge.

_____

_____

[1]The Honorable Roger L. Wollman stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on January 31, 2002. He has been succeeded by the Honorable David R. Hansen.

[2]The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

PER CURIAM.

This appeal arises out of Sue Pollock's[3] claim for disability benefits. The district court entered judgment on the merits against Citibank, N.A. Disability Plan (501) ("the Plan") and Aetna Life Insurance Company. We remand for further factual findings, retaining jurisdiction over the appeal.

Citibank, N.A., adopted the Plan for the benefit of its employees. Pollock was an account collector for Citibank Credit Services and a participant in the Plan. The Plan is governed by the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. §§ 1001, et seq.

The Plan argues that Pollock failed to exhaust her administrative remedies. When exhaustion is clearly required under the terms of an ERISA benefits plan, the plan beneficiary's failure to exhaust her administrative remedies bars her from asserting any unexhausted claims in federal court. See Layes v. Mead Corp., 132 F.3d 1246, 1250 (8th Cir. 1998). There is no dispute that the Plan requires exhaustion. The dispute in this case is whether Pollock did in fact exhaust her administrative remedies.

The Plan first raised the failure-to-exhaust claim in its summary judgment motion. The district court dismissed this motion as moot when the parties agreed to submit the liability portion of the case on a stipulated record. The Plan raised the exhaustion argument again in its proposed findings of fact and conclusions of law submitted to the district court. Nevertheless, the district court entered no findings of fact or conclusions of law regarding exhaustion and made no mention of the issue in any of its decisions.

---

[3]Sue Pollock died while this litigation was pending, and Spencer Norris, personal representative of Pollock's estate, was thereafter substituted as plaintiff.

Whether a plaintiff has exhausted her administrative remedies is a question of fact that we should not first determine on appeal. Performance Contracting, Inc. v. Seaboard Sur. Co., 163 F.3d 366, 369 n.3 (6th Cir. 1998). Accordingly, we remand the case to the district court with instructions that it enter findings as to whether Pollock exhausted her administrative remedies. See Cody v. Hillard, 139 F.3d 1197, 1200 (8th Cir. 1998) (remanding for entry of findings of fact and conclusions of law). We ask that the district court certify its findings on the remanded issue to this court for submission to this panel, which retains jurisdiction over the case.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.